# In the United States Court of Federal Claims

No. 21-1574C
(Filed: May 27, 2022)

| | |
|---|---|
| MHAMMAD ABU-SHAWISH, | ) ) ) |
| Pro Se Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Unjust Conviction and Imprisonment
Act; 28 U.S.C. §§ 1495, 2513;
Damages; Period of Incarceration; Pre-
Trial Detention

*Mhammad Abu-Shawish*, Milwaukee, WI, pro se.

*Geoffrey M. Long*, Civil Division, United States Department of Justice, Washington, DC,
with whom were *Brian M. Boynton*, Principal Deputy Assistant Attorney General,
*Patricia M. McCarthy*, Director, and *Steven J. Gillingham*, Assistant Director, for
defendant.

## OPINION

**FIRESTONE,** *Senior Judge*.

In 2006, pro se plaintiff Mhammad Abu-Shawish was convicted of federal

program fraud in the United States District Court for the Eastern District of Wisconsin.

His conviction was eventually overturned, and on July 27, 2020, Mr. Abu-Shawish

received a "certificate of innocence" from the Eastern District of Wisconsin pursuant to

the Unjust Conviction and Imprisonment Act, 28 U.S.C. §§ 1495, 2513. Once a plaintiff

obtains a certificate of innocence, the Act authorizes the court to award $50,000 for each

12-month "period of incarceration" due to an unjust conviction, *id.* § 2513(e), to

compensate for the plaintiff's "loss of liberty," *Crooker v. United States*, 828 F.3d 1357, 1363 (Fed. Cir. 2016) (per curiam).

Mr. Abu-Shawish seeks compensation under the Act for four periods of time: (1) 574 days spent in pre-trial detention; (2) 486 days spent incarcerated in federal prison; (3) six months spent in the custody of United States Immigration and Customs Enforcement ("ICE") for deportation proceedings following his release; and (4) six months spent awaiting a decision from the United States Court of Appeals for the Seventh Circuit on his appeal of his federal program fraud conviction, during which he was not in custody. *See* Compl. at 5, ECF No. 1; Def.'s Mot. at 14, ECF No. 18; Pl.'s Resp. at 1-4, ECF No. 22.  In total, Mr. Abu-Shawish seeks compensation for 1,425 days.

Now pending before the court is the government's motion for partial summary judgment.  The government concedes that Mr. Abu-Shawish is entitled to compensation for 486 days, the period of post-conviction incarceration time related to his unjust federal program fraud conviction.  Def.'s Mot. at 14.  However, the government argues that the additional periods of time sought by Mr. Abu-Shawish are not compensable under the Act.  *Id.* at 14-19.

For the reasons discussed below, the court concludes that Mr. Abu-Shawish is not entitled to compensation under the Act for his time in ICE custody or while free and awaiting appeal.  However, Mr. Abu-Shawish is entitled to compensation for a portion of the time he spent in pre-trial detention in addition to the 486 days of post-conviction

incarceration time for which the parties agree he should be compensated.[1]  The

government's motion for partial summary judgment is therefore **GRANTED IN PART**

and **DENIED IN PART**, and the court sua sponte **GRANTS IN PART** summary

judgment in favor of Mr. Abu-Shawish.  Mr. Abu-Shawish is entitled to compensation for

956 days of incarceration, totaling $130,958.90 in damages.

## I.     STATUTORY BACKGROUND

The Unjust Conviction and Imprisonment Act provides this court with

"jurisdiction to render judgment upon any claim for damages by any person unjustly

convicted of an offense against the United States and imprisoned."  28 U.S.C. § 1495.

"The Act has the beneficent purpose of attempting to compensate, as well as money can

compensate such an injury, [a] plaintiff for loss of his liberty through an error on the part

of his government."  *Crooker*, 828 F.3d at 1363 (internal quotation and alteration

omitted).

To succeed on a claim for damages under the Act, a plaintiff must allege and

prove that his conviction "has been reversed or set aside on the ground that he is not

guilty of the offense of which he was convicted."  28 U.S.C. § 2513(a)(1).  A plaintiff

must also show that he "did not commit any of the acts charged or his acts, deeds, or

omissions in connection with such charge constituted no offense against the United

States, . . . and he did not by misconduct or neglect cause or bring about his own

---

[1] Def.'s Mot. at 14; Pl.'s Resp. at 2 (agreeing "with the calculation provided by the government" for the post-conviction incarceration period).

prosecution." *Id.* § 2513(a)(2).  The Act further provides that "[p]roof of the requisite facts shall be by a certificate of the court . . . wherein such facts are alleged to appear, and other evidence thereof shall not be received."  *Id.* § 2513(b).  This proof is often referred to as a "certificate of innocence."  *See, e.g.*, *Allen v. United States*, 153 Fed. Cl. 386, 391 (2021).  Once a plaintiff obtains a certificate of innocence from the appropriate district court, "[t]he amount of damages awarded" under the Act by this court "shall not exceed . . . $50,000 for each 12-month period of incarceration."  28 U.S.C. § 2513(e).[2]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The following undisputed facts are taken from the parties' joint stipulation of undisputed facts, the parties' briefs, and the exhibits accompanying these filings.

### A.    Mr. Abu-Shawish is Charged with Visa and Federal Program Fraud in Case No. 03-cr-211 (E.D. Wis.)

On October 2, 2003, the government filed a criminal complaint against Mr. Abu-Shawish in the United States District Court for the Eastern District of Wisconsin, Case No. 03-cr-211.  Joint Stip. ¶¶ 1-2, 6, Ex. 1 at 8-28,[3] ECF No. 17.  On October 3, 2003, Mr. Abu-Shawish was arrested, detained, and, on October 7, 2003, indicted on three counts, covering two sets of facts.  *Id.* ¶¶ 3-5, Exs. 3-4.  The first two counts centered on representations allegedly made by Mr. Abu-Shawish for purposes of securing visas for

---

[2] The Act provides for a higher damages award for plaintiffs "unjustly sentenced to death."  28 U.S.C. § 2513(e).

[3] The citations to the exhibits to the parties' joint stipulation use the pagination assigned to the exhibits by the court's CM/ECF system.

foreign nationals. *Id.*, Ex. 4 at 35-38.  On this set of facts, Mr. Abu-Shawish was charged

with conspiracy to commit visa fraud and with visa fraud.  *Id.*

Mr. Abu-Shawish was also charged with one count of federal program fraud.  *Id.*,

Ex. 4 at 39-40.  On this set of facts, Mr. Abu-Shawish was alleged to have fraudulently

secured federal community development block grant funds, administered by the City of

Milwaukee, when he submitted a development plan to the City that had already been

completed and paid for by another organization.  *Id.*

On October 10, 2003, the district court ordered Mr. Abu-Shawish detained

pending trial on these charges because he was deemed a flight risk.  *Id.* ¶ 7, Ex. 5 at 43.

The district court denied Mr. Abu-Shawish's subsequent motions seeking release from

pre-trial detention.  *Id.* ¶¶ 8-9, Ex. 6 at 45-52, Ex. 7 at 54-60.

Between December 5, 2003 and November 18, 2004, the grand jury returned

superseding indictments against Mr. Abu-Shawish related to the federal program fraud

and visa fraud charges.  Def.'s Mot. at 5-6; *see* Joint Stip. ¶ 10.  The final Fourth

Superseding Indictment was split into two sets of charges.  Fourth Superseding

Indictment-A encompassed two federal program fraud counts.  Joint Stip., Ex. 8 at 62-68.

Fourth Superseding Indictment-B focused on the visa fraud charges.  Def.'s Mot. at 6.

Ultimately, the visa fraud charges in Fourth Superseding Indictment-B did not proceed to

trial and were dismissed on June 30, 2005.  *Id.*

Trial on the federal program fraud counts, however, did proceed and on June 29,

2005, the jury entered a guilty verdict as to one of those counts.  *Id.*  On February 1,

2006, the district court entered judgment against Mr. Abu-Shawish on the federal

program fraud conviction, ordering that Mr. Abu-Shawish be committed to the custody of the Bureau of Prisons ("BOP") for a total term of 36 months.  Joint Stip. ¶ 11, Ex. 9 at 70-75.  The judgment was imposed effective January 31, 2006.  *Id.*

### B.     Mr. Abu-Shawish is Charged with Residential Mortgage Fraud in Case No. 04-cr-258 (E.D. Wis.)

Meanwhile, on November 2, 2004, while Case No. 03-cr-211 was pending, Mr. Abu-Shawish was indicted on five counts relating to residential mortgage fraud in Case No. 04-cr-258 (E.D. Wis.).  Joint Stip. ¶ 12, Ex. 10 at 77-85.  On November 15, 2004, the district court issued an order of detention in that case, finding that Mr. Abu-Shawish should be held pursuant to the detention order in Case No. 03-cr-211.  Joint Stip. ¶ 13, Ex. 11 at 87.  On May 4, 2005, following a jury trial, the district court entered judgment against Mr. Abu-Shawish on four counts of loan fraud.  *Id.* ¶ 14, Ex. 12 at 90-95.  The district court ordered that Mr. Abu-Shawish be committed to the custody of BOP for a period of eight months.  *Id.* ¶ 14, Ex. 12 at 91.  The sentence was imposed effective April 29, 2005, prior to the February 1, 2006 judgment in Case No. 03-cr-211.  Joint Stip. ¶¶ 14-15, Ex. 12 at 90.

### C.     Mr. Abu-Shawish's Sentencing Computation

Mr. Abu-Shawish began serving his sentence on the judgment in Case No. 04-cr-258 on April 29, 2005.  Joint Stip. ¶ 16, Ex. 13 at 98.  As indicated in the BOP sentencing computation records, Mr. Abu-Shawish ultimately was sentenced to an aggregated total term of 44 months, consisting of the eight-month sentence in Case No. 04-cr-258 and the later-imposed 36-month sentence in Case No. 03-cr-211.  Joint Stip. ¶ 17, Ex. 13 at 98;

*see also* 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

In computing his sentence, BOP credited Mr. Abu-Shawish with 574 days for the time that he served in pre-trial detention between October 3, 2003 (the date of his arrest on the visa and federal program fraud charges in Case No. 03-cr-211) and April 28, 2005 (the day prior to the effective date of his loan fraud sentence in Case No. 04-cr-258). Joint Stip. ¶ 18, Ex. 13 at 98-99.  This credit for prior custody is made available by the sentencing credit statute, 18 U.S.C. § 3585(b).  The BOP also credited Mr. Abu-Shawish with 172 days of good conduct time, as provided for in 18 U.S.C. § 3624(b)(1).  Joint Stip. ¶ 19, Ex. 13 at 99; Def.'s Mot. at 13.  After applying these credits, the BOP computed an aggregated sentence for Mr. Abu-Shawish from April 29, 2005 to December 13, 2006, a duration of 594 days.  *See* Joint Stip. ¶ 20, Ex. 13; Def.'s Mot. at 13.

### D.    Mr. Abu-Shawish's ICE Deportation Proceedings

On November 30, 2006, a few weeks prior to Mr. Abu-Shawish's release, ICE lodged a detainer to obtain custody of Mr. Abu-Shawish for deportation proceedings. Joint Stip. ¶ 21, Ex. 13 at 100.  After serving his aggregated sentence, Mr. Abu-Shawish was in ICE custody from December 13, 2006, through May 3, 2007, in relation to these

proceedings.[4]  *Id.* ¶ 22.  Upon his release from ICE custody on May 3, 2007, Mr. Abu-Shawish was not in the custody of either BOP or ICE.  *Id.* ¶ 23.

### E.    Mr. Abu-Shawish's Appeal to the Seventh Circuit and Subsequent Criminal Proceedings

Mr. Abu-Shawish appealed his conviction for federal program fraud in Case No. 03-cr-211 to the United States Court of Appeals for the Seventh Circuit.  *See* Joint Stip. ¶ 24; *United States v. Abu-Shawish*, 507 F.3d 550 (7th Cir. 2007).  On November 1, 2007, the Seventh Circuit vacated Mr. Abu-Shawish's conviction in Case No. 03-cr-211 and remanded the case to district court on the grounds that the indictment against Mr. Abu-Shawish had not properly alleged federal program fraud.  Joint Stip. ¶ 24; *Abu-Shawish*, 507 F.3d at 558.  The Seventh Circuit noted, however, that Mr. Abu-Shawish might have been charged with mail or wire fraud instead.  *Abu-Shawish*, 507 F.3d at 558.

On December 13, 2007, the district court dismissed the federal program fraud charge on which Mr. Abu-Shawish had been convicted.  Joint Stip. ¶ 24, Ex. 14 at 102.  On November 14, 2007, Mr. Abu-Shawish was indicted on three counts of mail and wire fraud in Case No. 07-cr-289 (E.D. Wis.).  *See* Def.'s Reply at 2 n.1, ECF No. 24.  Following a jury trial, Mr. Abu-Shawish was acquitted in the mail and wire fraud case on October 16, 2008.  *Id.*

---

[4] It is not clear from the parties' filings how Mr. Abu-Shawish's deportation proceedings were resolved, although Mr. Abu-Shawish states he is a "legal citizen of the United States."  Pl.'s Resp. at 2.

**F.      Mr. Abu-Shawish's First Case in This Court, No. 14-947C**

On October 6, 2014, Mr. Abu-Shawish filed a complaint in this court seeking $175,000 in money damages under the Act for what he alleged was an unjust conviction for federal program fraud in Case No. 03-cr-211.  *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 812 (2015).  On May 8, 2015, this court dismissed the case without prejudice because Mr. Abu-Shawish had not yet obtained a certificate of innocence or otherwise met the requirements of 28 U.S.C. § 2513.  *Abu-Shawish*, 120 Fed. Cl. at 813-14.

**G.      Mr. Abu-Shawish Obtains a Certificate of Innocence**

Following this court's dismissal, Mr. Abu-Shawish went back to the district court in the Eastern District of Wisconsin and filed a pro se petition for a certificate of innocence for his overturned federal program fraud conviction.  Joint Stip. ¶ 25, Ex. 15 at 104-129; *see also Abu-Shawish v. United States*, 898 F.3d 726 (7th Cir. 2018).  The district court initially denied the certificate of innocence, but the denial was vacated by the Seventh Circuit on July 31, 2018 because the district court had "applied too stringent a standard" to Mr. Abu-Shawish's petition.  *Abu-Shawish*, 898 F.3d at 737.

On remand, the district court on July 27, 2020 granted the certificate of innocence, finding that Mr. Abu-Shawish had sufficiently demonstrated that the actions related to his federal program fraud conviction "did not constitute a crime."  Joint Stip. ¶ 25, Ex. 15 at 127.  Mr. Abu-Shawish has not secured a certificate of innocence for Case No. 04-cr-258, involving the loan fraud charges for which he was sentenced to eight months imprisonment.  Joint Stip. ¶ 26.

### H.     Mr. Abu-Shawish's Instant Case in This Court

Having obtained a certificate of innocence, Mr. Abu-Shawish filed a second complaint in this court on July 13, 2021, seeking compensation for his unjust federal program fraud conviction.  Compl. at 1, 5.  Mr. Abu-Shawish seeks compensation for time spent: (1) in pre-trial detention; (2) in post-conviction incarceration; (3) in ICE custody during deportation proceedings; and (4) awaiting appeal to the Seventh Circuit while not in custody.  *See* Compl. at 5; Pl.'s Resp. at 1-4.

At the request of the parties, the court initially stayed the case while the parties explored settlement.  Order, ECF No. 10.  However, the parties could not come to an agreement on damages owed to Mr. Abu-Shawish, *see* Joint Status Report, ECF No. 15, and the government has now moved for partial summary judgment.  The government concedes that Mr. Abu-Shawish is owed damages under the Act for 486 days, a prorated portion of the aggregated sentence Mr. Abu-Shawish served for his federal program fraud (Case No. 03-cr-211) and loan fraud (Case No. 04-cr-258) convictions.  Def.'s Mot. at 1, 13-14.  However, the government argues that Mr. Abu-Shawish is not entitled to compensation for any of the time he spent in pre-trial detention because he would have been detained on the other charges against him in Case No. 03-cr-211 and Case No. 04-cr-258, regardless of the federal program fraud charge.  Def.'s Mot. at 14-18.  The government further argues that Mr. Abu-Shawish is not entitled to compensation for time spent in ICE custody, which was not imposed as part of his sentence for federal program fraud.  *Id.* at 18-19.  Finally, the government contends that Mr. Abu-Shawish is not entitled to compensation for time spent free and awaiting appeal.  *Id.* at 19.

In his response,[5] Mr. Abu-Shawish agrees with the government that he is owed damages on 486 days for the post-conviction period of incarceration attributable to his federal program fraud conviction.  Pl.'s Resp. at 2.  However, he argues that he is also owed compensation for all of the 574 days that he spent in pre-trial detention, because the other charges on which he was also detained—the visa charges in Case No. 03-cr-211 and the loan fraud charges in Case No. 04-cr-458—were "directly related" to his now overturned federal program fraud charge.  Pl.'s Resp. at 1-2.  He contends that he "would have never been in [p]re-[t]rial detention but for the conviction for the . . . [f]ederal [p]rogram [f]raud charges."  *Id.* at 1.  Mr. Abu-Shawish further asserts that he is entitled to compensation for the time spent in ICE custody because his ICE detention was wrongfully based on "discrimination" and followed from "his incarceration for Case No. 03-cr-211."  *Id.* at 2-3.  Finally, Mr. Abu-Shawish argues that he is entitled to compensation for the time he spent awaiting appeal because, as a result of his unjust conviction, he "suffered a loss [of] his liberties that the average American enjoys" during this time.  *Id.* at 3.

In reply, the government reiterates that Mr. Abu-Shawish is not entitled to compensation for any pre-trial detention time because he would have been detained on the other charges against him, and that the periods of ICE detention and awaiting appeal are not compensable "periods of incarceration" under the Act.  Def.'s Reply at 5-14.

---

[5] Because he is proceeding pro se, the court liberally construes Mr. Abu-Shawish's filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The parties have not requested oral argument, and the court has determined that oral argument is unnecessary.  *See Hymas v. United States*, 141 Fed. Cl. 735, 740-41 (2019) (holding that the court has discretion over whether to hold oral argument, citing cases).

## III.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Rules of the United States Court of Federal Claims ("RCFC"); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); *Casitas Mun. Water Dist. v. United States*, 543 F.3d 1276, 1283 (Fed. Cir. 2008).  A material fact is one that "might affect the outcome of the suit," and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  In considering the existence of a genuine issue of material fact, a court must draw all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If "the record taken as a whole [cannot] lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment is appropriate.  *Id.* (internal quotation omitted).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The burden then shifts to the nonmoving party to show that there are genuine issues of material fact for trial.  *Id.* at 324.  Both parties may carry their burden by "citing to

particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other

materials" or by "showing that the materials cited do not establish the absence or

presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  RCFC 56(c)(1).  When considering a motion for summary

judgment, the court may, "[a]fter giving notice and a reasonable time to respond," sua

sponte "grant summary judgment for a nonmovant."  RCFC 56(f)(1).

In this case, the parties have submitted a joint stipulation of undisputed facts.  The

only issue before the court is the damages Mr. Abu-Shawish is entitled to on these

undisputed facts, which is a question of law.  Questions of law are particularly

appropriate for summary judgment.  *See Huskey v. Trujillo*, 302 F.3d 1307, 1310 (Fed.

Cir. 2002).

## IV.   DISCUSSION

The government does not dispute that this court possesses jurisdiction[6] over Mr.

Abu-Shawish's claim or that Mr. Abu-Shawish has obtained the requisite certificate of

---

[6] Although the government does not question this court's jurisdiction, given the time that has
elapsed since Mr. Abu-Shawish's conviction, the court must ensure that this action falls within
the applicable six-year limitations period.  28 U.S.C. § 2501; *Bolduc v. United States*, 248 F.
App'x 162, 163 (Fed. Cir. 2007).  A claim against the government in this court accrues when "all
of the events [have] occurred which fix the liability of the [g]overnment and entitle [a plaintiff]
to institute an action."  *Id.* at 165 (internal quotation and alterations omitted).  Unjust conviction
claims like this one accrue when a plaintiff can allege that a court has made the requisite findings
under § 2513(a).  *Bolduc*, 248 F. App'x at 164-65.  This could, but does not always, occur when
a plaintiff obtains a certificate of innocence.  *Id.* (finding that a plaintiff's claim accrued when his
conviction was vacated, not when the certificate of innocence was issued, because the order
vacating the conviction satisfied § 2513(a)).  Here, the events fixing Mr. Abu-Shawish's claims

innocence under the Act entitling him to damages.  Def.'s Mot. at 11 ("Mr. Abu-Shawish has secured a certificate of innocence as to his federal program fraud conviction, and in that respect he has met the Act's burden of proof.").  The only question before the court is the damages amount that Mr. Abu-Shawish is owed.  The answer depends on which of the four periods of time alleged by Mr. Abu-Shawish are compensable under the Act, which awards damages only for "period[s] of incarceration."  28 U.S.C. § 2513(e).

As explained above, Mr. Abu-Shawish seeks compensation for the following: (1) 574 days spent in pre-trial detention; (2) 486 days spent incarcerated in federal prison; (3) six months[7] spent in ICE custody following his release; and (4) six months[8] spent awaiting a decision from the Seventh Circuit, during which he was not in custody.  *See* Compl. at 5; Pl.'s Resp. at 1-4.  The court addresses these periods in reverse chronological order, starting with the period of time during which Mr. Abu-Shawish was free and awaiting appeal, next to his detention by ICE, then to the post-conviction time serving his aggregated sentence, and finally to the pre-trial detention period.

---

under the Act were not set until he obtained a certificate of innocence from the Eastern District of Wisconsin finding that he met the requirements of § 2513(a) on July 27, 2020.  *See Abu-Shawish*, 120 Fed. Cl. at 813-14 (this court's prior decision dismissing Mr. Abu-Shawish's claim because he had not yet obtained a certificate of innocence satisfying the requirements of § 2513(a)); Joint Stip. ¶ 25, Ex. 15 at 109 (the certificate of innocence deciding whether Mr. Abu-Shawish had satisfied the requirements of § 2513(a)).  Mr. Abu-Shawish's July 13, 2021 complaint, filed within six years of July 27, 2020, is therefore timely.

[7] Although he seeks compensation for six months, *see* Compl. at 5, this period of time, from December 13, 2006 to May 3, 2007, is 141 days, or four months and 20 days.

[8] Although he seeks compensation for six months, *see* Compl. at 5, this period of time, from May 3, 2007 to November 1, 2007, is 182 days, or five months and 29 days.

**A.     Mr. Abu-Shawish Is Not Entitled to Compensation for Time
Awaiting Appeal During Which He Was Not in Custody**

Mr. Abu-Shawish seeks compensation for the approximately six-month period of
time he spent awaiting a decision on the appeal of his federal program fraud conviction to
the Seventh Circuit, from May 3, 2007 through November 1, 2007.  Compl. at 5.  Mr.
Abu-Shawish argues that he "suffered a loss [of] his liberties" during this time because he
"could not find work, was labeled a convicted felon and lost some friends" as a result of
his unjust conviction.  Pl.'s Resp. at 3.  The Act, however, only provides compensation
for "period[s] of incarceration," 28 U.S.C. § 2513(e); *see Crooker*, 828 F.3d at 1361-63,
and it is undisputed that Mr. Abu-Shawish was neither in BOP nor ICE custody during
this time, Joint Stip. ¶ 23.  Because Mr. Abu-Shawish is not entitled under the Act's
terms to damages while he was free and awaiting appeal, the court grants the
government's motion for summary judgment as to this time period.

**B.     Mr. Abu-Shawish is Not Entitled to Compensation for Time
in ICE Custody**

Mr. Abu-Shawish next seeks compensation for the period of time that he spent in
ICE detention following his release from prison, from December 13, 2006 until May 3,
2007.  *See* Compl. at 5.  Mr. Abu-Shawish argues that because his ICE detention
followed from his unjust conviction, the time spent in ICE custody amounts to "more
'prison' time for crimes he did not commit against the United States."  Pl.'s Resp. at 3.
The government responds that under the Act, Mr. Abu-Shawish is only entitled to
compensation for the "period of incarceration" that was "imposed as part of his sentence"

for his unjust conviction, not for his later ICE detention relating to deportation proceedings.  Def.'s Mot. at 18-19; Def's Reply at 9-10.

The court agrees with the government.  As explained above, the Act awards damages to a wrongly convicted individual based on the length of his "period of incarceration" for an unjust conviction.  28 U.S.C. § 2513(e).  As it relates to the contours of the "period of incarceration" for which a plaintiff may receive damages, the Act "is not self-defining." *Crooker*, 828 F.3d at 1361.  However, the Federal Circuit in *Crooker v. United States* has explained that "[a] sentence [for an unjust conviction] provides the link between the 'period of incarceration' and the unjust conviction." *Id.* at 1362 (citing 18 U.S.C. § 3581(a), which provides that "[a] defendant who has been found guilty of an offense may be sentenced to a term of imprisonment").  Therefore, the court looks to Mr. Abu-Shawish's sentence for his unjust federal program fraud conviction to determine the "period of incarceration" for which he is entitled to damages.

In this case, Mr. Abu-Shawish was sentenced to 36 months imprisonment for the unjust federal program fraud conviction in Case No. 03-cr-211.  It is undisputed that this sentence did not include his subsequent ICE detention for deportation proceedings.  The judgment in Case No. 03-cr-211 was entered on February 1, 2006, and the ICE detainer was lodged against Mr. Abu-Shawish ten months later, on November 30, 2006.  Joint Stip., Ex. 9 at 70, Ex. 10 at 100.  In addition, the BOP sentencing computation for Mr. Abu-Shawish does not include any period of ICE detention.  Joint Stip., Ex. 13.  Therefore, based on the undisputed facts of this case, there is no "link" between Mr. Abu-Shawish's unjust conviction and his later ICE detention. *Crooker*, 828 F.3d at 1362.  For

this reason, Mr. Abu-Shawish is not entitled to compensation for time spent in ICE custody, and the court grants the government's motion for summary judgment as to this time period.

### C.   Mr. Abu-Shawish is Entitled to Compensation for 486 Days of Post-Conviction Imprisonment

Mr. Abu-Shawish next seeks compensation for the time during which he was wrongfully imprisoned following his unjust federal program fraud conviction.  *See* Compl. at 5.  The government agrees that Mr. Abu-Shawish is entitled to compensation for the period of incarceration attributable to this conviction.  Def.'s Mot. at 11, 13-14. The parties also agree that, because Mr. Abu-Shawish served an aggregated sentence for his unjust conviction in Case No. 03-cr-211 together with his valid loan fraud conviction in Case No. 04-cr-258, the amount of compensation owed to Mr. Abu-Shawish must be prorated between these two convictions based on the sentences imposed.  Def.'s Mot. at 13-14; Pl.'s Resp. at 2.

The court agrees with the parties' reasoning and calculation.  As explained above, Mr. Abu-Shawish has secured a certificate of innocence only as to his federal program fraud conviction.  Joint Stip. ¶¶ 25-26, Ex. 15.  He received a 36-month sentence for that conviction, which was imposed on February 1, 2006.  *Id.* ¶ 11, Ex. 9 at 70-75.  On the date of that judgment, Mr. Abu-Shawish was already incarcerated, having been convicted and sentenced to eight months imprisonment for loan fraud on April 29, 2005.  *Id.* ¶ 14. The BOP aggregated these sentences into a 44-month sentence, as permitted under the federal sentencing laws.  *Id.* ¶ 17, Ex. 13 at 98; 18 U.S.C. § 3584(c).

Mr. Abu-Shawish satisfied his aggregated sentence and was released from BOP custody on December 13, 2006.  Joint Stip. ¶ 20, Ex. 13 at 99.  He was released in substantially less than 44 months because he received 172 days credit for good conduct time and 574 days credit for prior custody time, based on his pre-trial detention.  Joint Stip. ¶¶ 17-20, Ex. 13 at 99.  His total period of incarceration for the two sentences lasted 594 days.  Def.'s Mot. at 14.

However, Mr. Abu-Shawish is only entitled to compensation for a portion of these 594 days.  This is because his aggregated sentence was based on his unjust conviction for federal program fraud (for which he has obtained a certificate of innocence) and his conviction for loan fraud (for which he has not).  Joint Stip. ¶¶ 17, 25-26.  Therefore, to give effect to the Act's purpose of compensating plaintiffs for the loss of liberty as a result of an unjust conviction, *Crooker*, 828 F.3d at 1363, it is necessary to segregate Mr. Abu-Shawish's just imprisonment for loan fraud from his unjust imprisonment for federal program fraud.

As the government suggests, this can be accomplished by prorating the 594 days of imprisonment based on the sentences imposed for each conviction.  Def.'s Mot. at 14; *see Crooker*, 828 F.3d at 1362 (holding that for purposes of calculating damages under the Act, the sentence provides the "link" between the "period of incarceration" and the unjust conviction).  Of Mr. Abu-Shawish's 44-month aggregated sentence, 36 months stemmed from the unjust federal program fraud conviction, or approximately 82 percent of the total.  *See* Def.'s Mot. at 14.  Applying that percentage to the 594 days actually served, 486 days are eligible for compensation.

The court thus concludes that an award to Mr. Abu-Shawish for 486 days is warranted and effectuates the purpose of the Act.  The court therefore sua sponte grants summary judgment in favor of Mr. Abu-Shawish for these 486 days.[9]  Mr. Abu-Shawish is entitled to $66,575.34 for the 486 days spent wrongfully incarcerated for the unjust federal program fraud conviction.[10]

### D.    Mr. Abu-Shawish is Entitled to Compensation for a Portion of the Time Spent in Pre-Trial Detention

Finally, Mr. Abu-Shawish claims that he is entitled to compensation for 574 days of pre-trial detention—from October 3, 2003, when he was arrested and detained on federal program fraud and visa fraud charges, to April 29, 2005, when he began serving his sentence for his loan fraud conviction.  *See* Pl.'s Resp. at 1.  The government argues that Mr. Abu-Shawish should not be awarded any damages for any pre-trial detention

---

[9] Mr. Abu-Shawish has not cross-moved for summary judgment.  However, the court may under RCFC 56(f)(1) sua sponte grant summary judgment for a nonmovant "[a]fter giving notice and a reasonable time to respond."  Although the court has not given the government formal notice that it may grant summary judgment in favor of Mr. Abu-Shawish, the court concludes that the government has already received both adequate notice and a reasonable opportunity to respond to that possibility here.  None of the material facts in this case are disputed, and both parties have been given the opportunity to brief the question of law at issue—whether Mr. Abu-Shawish is entitled to damages under the Act.  In addition, in sua sponte granting Mr. Abu-Shawish summary judgment in this opinion, the court adopts arguments already briefed by the government.  *See supra* Part IV.C; *infra* Part IV.D.  Under such circumstances, the court finds that a sua sponte grant of summary judgment to Mr. Abu-Shawish is appropriate and does not prejudice the government.  *See Celotex Corp.*, 477 U.S. at 326 ("[Under Fed. R. Civ. P. 56,] district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence."); *see also U.S. Sur. Co. v. United States*, 83 Fed. Cl. 306, 309-10 (2008) (awarding summary judgment to the nonmovant on a question of law based on undisputed facts).

[10] The Act provides that a plaintiff may be awarded $50,000 for each 12-month period of incarceration.  28 U.S.C. § 2513(e).  Dividing $50,000 by 365 days to calculate a daily rate of damages of approximately $136.99, and then multiplying this number by 486 days, results in $66,575.34 of damages.

period "due to the multiple, unrelated contemporaneous charges and convictions against

him as to which he has not secured a certificate of innocence."  Def.'s Mot. at 14-15.

According to the government, Mr. Abu-Shawish "lost no liberty due to his [pre-trial]

detention on the overturned federal program fraud count, because the district court record

demonstrates that he would still have been detained on the other, unrelated charges

including the four loan fraud charges that resulted in convictions."  *Id.* at 15.

Alternatively, the government argues that, should the court find that Mr. Abu-Shawish's

pre-trial detention time is compensable, that time be prorated in the same manner as Mr.

Abu-Shawish's post-conviction incarceration.  *Id.* at 17-18; Reply at 8-9.

> To resolve this issue, the court again turns to the Federal Circuit's decision in

*Crooker*.  As noted in *Crooker*, the Act does not specifically address whether the "period

of incarceration" for which a plaintiff may be awarded damages includes pre-trial

detention.  828 F.3d at 1361.  To answer this question, the Federal Circuit in *Crooker*

concluded that a plaintiff's sentence provides the "link" between the unjust conviction

and the "period of incarceration," and, therefore, "it is wholly appropriate to consult

federal sentencing law when determining the proper damages award under the Unjust

Conviction and Imprisonment Act."  *Id.* at 1362.  In particular, the Federal Circuit

concluded that the federal sentencing credit statute, 18 U.S.C. § 3585(b), applies to the

damages owed to a successful plaintiff under the Act.  *Crooker*, 828 F.3d at 1362.

Section 3585(b) provides as follows:

> (b)  Credit for prior custody.—A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior to
> the date the sentence commences—

(1)  as a result of the offense for which the sentence was imposed; or

(2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).  As relevant to this case, § 3585(b)(1) provides that an individual may receive "credit" on his prison sentence for the period of pre-trial detention resulting from the offense for which that sentence was imposed.  Under *Crooker*, the application of this prior custody provision to a sentence for an unjust conviction provides the "link" between the sentence and pre-trial detention, such that pre-trial detention may be credited to an unjust conviction and compensated under the Act.  Def.'s Mot. at 14 (citing *Crooker*, 828 F.3d at 1362).[11]

Applying *Crooker* here, the court concludes that Mr. Abu-Shawish should be compensated for the time that he spent in pre-trial detention, prorated to allocate the pre-trial detention time between his unjust federal program fraud conviction in Case No. 03-cr-211 and his valid loan fraud conviction in Case No. 04-cr-258.  As noted above, Mr. Abu-Shawish was detained for 574 days.  Joint Stip. ¶ 18, Ex. 13 at 99.  Consistent with 18 U.S.C. § 3585(b), the BOP credited Mr. Abu-Shawish with the entire 574 days when it

---

[11] In *Crooker*, the plaintiff's conviction on a firearms charge was overturned, and the time he had served for the overturned charge was credited to a separate sentence that the plaintiff was serving.  828 F.3d at 1360.  The Federal Circuit held that § 3585(b)(2) established that the plaintiff was entitled to no damages in that case.  828 F.3d at 1362.  Because the plaintiff's time served for the firearm charge had transferred to the separate charge, "there remain[ed] no 'period of incarceration' associated with the firearm charge," and, therefore, the plaintiff was not entitled to damages under the Act.  *Id.*

computed his aggregated sentence.  Joint Stip. ¶ 18, Ex. 13 at 99.  Under *Crooker*, the

BOP's application of § 3585(b) to Mr. Abu-Shawish's aggregated sentence provides the

link between his pre-trial detention and his unjust federal program fraud conviction.

Therefore, Mr. Abu-Shawish is entitled to compensation for the portion of the pre-trial

detention period that can be allocated to his unjust conviction.  *See Crooker*, 828 F.3d at

1362.

      The fact that Mr. Abu-Shawish was also detained on other criminal charges does

not alter this conclusion.  The government argues that Mr. Abu-Shawish has suffered no

loss of liberty due to his pre-trial detention, speculating that he would have been detained

on visa and loan fraud charges regardless of the unjust federal program fraud conviction.

Def.'s Mot. at 14-18.  Yet, given the action of BOP in crediting Mr. Abu-Shawish with

the entire pre-trial detention period, the court disagrees.  Regardless of these other

charges, the BOP's application of § 3585(b) to Mr. Abu-Shawish's aggregated sentence

provides the requisite "link" under *Crooker* between Mr. Abu-Shawish's pre-trial

detention and his unjust "period of incarceration" for federal program fraud.  828 F.3d at

1362.  Had BOP not credited Mr. Abu-Shawish's aggregated sentence with 574 days of

pre-trial detention, his post-conviction period of incarceration would have included 574

additional days, a period of time that the government concedes is partly compensable

under the Act.  Thus, the court finds that Mr. Abu-Shawish is entitled to compensation

for the period of pre-trial detention that may be allocated to his wrongful federal program

fraud conviction.

Because Mr. Abu-Shawish's sentence was aggregated, the period of pre-trial detention must be allocated between his unjust federal program fraud conviction and his just conviction for load fraud in Case No. 04-cr-258.  *See* Def.'s Mot. at 14-15; Def.'s Reply at 8-9.  The government alternatively argues that if the court concludes that Mr. Abu-Shawish should be compensated for the pre-trial detention period—as it now has—the court should prorate the time using the same formula used for the period of post-sentencing imprisonment.  *Id.*

The court agrees.  Mr. Abu-Shawish's pre-trial detention was linked to his aggregated sentence through BOP's application of 18 U.S.C. § 3585(b).  As explained above, Mr. Abu-Shawish was sentenced to 44 months in prison—36 months for federal program fraud and eight months for loan fraud.  Approximately 82 percent of his aggregated sentence stems from the unjust federal program fraud conviction.  Applying this percentage to the 574 days of pre-trial detention yields 470 days of compensable pre-trial detention for Mr. Abu-Shawish's unjust conviction.

For these reasons, the court denies the government's motion for partial summary judgment as to this pre-trial detention period, and sua sponte grants summary judgment for Mr. Abu-Shawish for these 470 days.  Mr. Abu-Shawish is entitled to $64,383.56 for the period of pre-trial detention related to his unjust conviction.[12]

---

[12] Dividing $50,000 by 365 days, *see* 28 U.S.C. § 2513(e), to calculate a daily rate of damages of approximately $136.99, and then multiplying this number by 470 days, results in $64,383.56 of damages.

## V.    CONCLUSION

Based on the foregoing, the government's motion for partial summary judgment, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**.  The court sua sponte **GRANTS IN PART** summary judgment in favor of Mr. Abu-Shawish.  Mr. Abu-Shawish is awarded $130,958.90.  The Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge